**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11066

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CODY RAY SYFRETT,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00051-SPC-KCD-1

————————————————

Before JORDAN, KIDD, and TJOFLAT, Circuit Judges.

PER CURIAM:

Cody Syfrett was sentenced to two concurrent terms of 130 months' imprisonment, followed by two concurrent terms of 15 years' supervised release, for distributing and possessing child pornography. He appeals his sentence, arguing that the District Court erred in calculating his criminal offense level. We agree. We vacate his sentence and remand for resentencing.

## I.

Over the course of multiple days in late 2021, Cody Syfrett engaged in an online conversation, via Kik, with an undercover federal agent in which he sent the agent four videos containing child pornography. Later, the National Center for Missing and Exploited Children sent law enforcement a tip that the Kik account was involved with child pornography. Subsequent investigation determined that the Kik account belonged to Syfrett, and forensic analysis of Syfrett's devices uncovered 25 videos and 20 photos of child pornography.[1] Cody Syfrett was convicted of one count of distributing child pornography, in violation of 18 U.S.C. § 2552(a)(2) and (b)(1), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Syfrett's presentence investigation report (PSI) calculated a base offense level of 22 and added multiple enhancements: two

---

[1] Syfrett's Kik account uploaded 75 files of child pornography, but many were duplicates. Once duplicates were eliminated, there were 25 videos and 20 photos.

points because at least one of the images depicted a prepubescent minor younger than 12, two points because the offense involved distribution, four points because one of the images depicted sadistic or masochistic conduct or other violence, and two points because the offense involved using an interactive computer service. The PSI also added five points because the offense involved more than 600 images of child pornography. It calculated the total number of images by applying the Sentencing Guidelines commentary, "which states that each video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." It went on to explain that forensic analysis revealed that Syfrett possessed 25 videos and 20 images of child pornography, and "[w]ith each video counting as 75 images, the total number of images in this case is well in excess of 600 images."

Syfrett also received two deductions to his offense level: two points for accepting responsibility and one point for timely notifying authorities of his intent to enter a guilty plea. This gave him a total offense level of 34. His criminal history category was I. The PSI calculated his Guidelines imprisonment range at 151 to 188 months and his Guidelines supervised release range at five years to life.

Syfrett objected to the five-point enhancement for having 600 or more images of child pornography. He argued that the PSI improperly relied on Guidelines commentary when it counted each child pornography video as 75 images. He maintained that a court should defer to commentary only if the text of the guideline

is "genuinely ambiguous after using all traditional tools of statutory construction" and that the relevant guideline here was not ambiguous. Specifically, the word "images" in the guideline means a "visual representation," and, because a video is a visual representation, it counts as just one image. In other words, the commentary was owed no deference, and Syfrett's 25 videos constituted just one image each. Therefore, his crime warranted only a two-point enhancement for involving 10 to 149 images, not a five-point enhancement for involving more than 600.

The Government, citing two unpublished cases from this Circuit, argued that the commentary was owed deference because the term "images" in the guideline is ambiguous and because the commentary helps the courts calculate the number of images in a video without requiring the testimony of forensic experts. The Court agreed with the Government and overruled the objection. It adopted the PSI's Guidelines calculations and sentenced Syfrett to two concurrent terms of 130 months' imprisonment, followed by two concurrent terms of 15 years' supervised release. Syfrett timely appeals.

## II.

This Court reviews de novo the interpretation and application of the Sentencing Guidelines. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017).

Per the Guidelines, when convicted of child pornography crimes, a defendant's offense level increases based on the number of "images" involved: two levels for 10 to 149 images, three levels

for 150 to 299 images, four levels for 300 to 599 images, and five levels for 600 or more images. U.S.S.G. § 2G2.2(b)(7). While the commentary to the Guidelines instructs that each child pornography video "shall be considered to have 75 images," U.S.S.G. § 2G2.2(b)(7), cmt. 6(B)(ii), a district court should not defer to that commentary unless the guideline itself is "genuinely ambiguous," the commentary is reasonable, and "the character and context" of the commentary "entitles it to controlling weight." *Kisor v. Wilkie*, 588 U.S. 558, 573, 576, 139 S. Ct. 2400, 2414, 2416 (2019); *see also United States v. Dupree*, 57 F.4th 1269, 1273–77 (11th Cir. 2023) (explaining that the *Kisor* framework applies to the Sentencing Commission's commentary to the Sentencing Guidelines). Our Court recently held that the word "images" in the relevant guideline is not ambiguous, so we do not defer to the commentary to interpret it. *United States v. Kluge*, 147 F.4th 1291, 1299 (11th Cir. 2025).[2] Specifically, we decided that "the plain meaning of § 2G2.2(b)(7) unambiguously instructs that each video frame that contains child pornography counts as one 'image' for purposes of calculating any sentencing enhancement." *Id.*

In other words, child pornography videos do not necessarily constitute one image or 75 images. When a person's crime includes a child pornography video, the district court must determine the number of frames in the video that contain child pornography in

_____

[2] After the parties filed their briefs in this case, Syfrett filed a motion to stay the appeal and briefing schedule until after this Court reached its decision in *Kluge*. His motion was granted. Syfrett filed no reply brief after *Kluge* was decided.

order to determine the number of images involved and, thus, calculate the warranted enhancement.[3] *Id.* at 1301.

The District Court did not do that here. Instead, it deferred to the Guidelines commentary; it simply identified the number of videos containing child pornography and multiplied that number by 75. That was error.

Because there is no indication in the record as to the number of frames containing child pornography in each of the four videos, we vacate Syfrett's sentence and remand for the District Court to make such determination, recalculate the Guidelines sentencing range, and resentence Syfrett.

### III.

The District Court erred in deferring to the Guidelines commentary when calculating the sentencing enhancement. We vacate the sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

---

[3] "[T]his task could likely be accomplished by first identifying how many seconds within the video contain child pornography and then multiplying that number by the video's frame rate." *Kluge*, 147 F.4th at 1301 (alteration adopted) (internal quotation marks omitted).